IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ADALID MONTIEL FIGUEROA                                                              PLAINTIFF

v.                                            Case No.: 08-5008

STATE OF ARKANSAS                                                                   DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Adalid Montiel Figueroa ("Plaintiff"), currently an inmate at the Benton County Detention Center, filed this Civil Rights Action under 42 U.S.C. § 1983. He proceeds pro se and *in forma pauperis*. The Complaint was provisionally filed prior to a determination regarding service of process.

### 1. BACKGROUND

Plaintiff brings this action under Section 1983. Plaintiff alleges defamation by the State of Arkansas due to Plaintiff's criminal prosecution in State Court. On July 3, 3007, Plaintiff was the passenger in a vehicle that was stopped on I-540 by the Benton County Narcotic Unit. Plaintiff alleges that investigator Travis Newell wrote two false charges of delivery of counterfeit substance and possession with intent to deliver of a counterfeit substance as a result of this traffic stop. Plaintiff claims the State of Arkansas "picked up" those false charges and has defamed his name and character because he was due in Benton County Circuit Court on October 8, 2007 for arraignment.

### 2. DISCUSSION

The Plaintiff brings his case against the State of Arkansas; however, the State of Arkansas and its agencies and officials have not consented to be sued in the federal courts. *See, Burk v. Beene*, 948 F.3d 489, 492 (8th Cir. 1991). Plaintiff's case is due to be dismissed as his named Defendant

is immune from suit.

Moreover, claims of defamation are not actionable under Section 1983. *Paul v. Davis*, 424 U.S. 693, 701-02 (1976) (holding defamation, per se, is not actionable under Section 1983); *see also Underwood v. Pritchard*, 638 F.2d 60, 62 (8th Cir. 1981). Damages for defamation are not recoverable under Section 1983 because a defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States. *See Morey v. Independent School Dist.*, 429 F.2d 428 (8th Cir. 1970).

### 3. CONCLUSION

For the reasons stated, I recommend that Plaintiff's case be dismissed on the grounds his named Defendant is immune from suit and claims of defamation are not actionable under Section 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(I)-(iii)(IFP action may be dismissed on such grounds at any time).

**Plaintiff has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 31st day of January 2008.**

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE